UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RITA DESHOTEL ET AL.

VERSUS

CLASSICA COMMUNICATIONS, ET AL:

CIVIL ACTION NUMBER 02-CV-02425

JUDGE LITTLE

MAGISTRATE JUDGE WILSON

## NOTICE OF FILING DUPLICATE PLEADING

NOW COME, through undersigned counsel, defendants, Friendship Cable of Texas, Inc., d/b/a Classic Communications and American Home Assurance Company (collectively "Classic"), who notify this court that plaintiffs in the above-captioned action and plaintiffs in the action entitled, *Eddis J. Fruge vs. Classic Communications et al.*, Docket Number 02-CV-2422, United States District Court, Western District of Louisiana, Alexandria Division, have filed for all essential purposes identical motions and memoranda in support of abstention and remand. In the interest of judicial economy, Classic has prepared and filed a memorandum in opposition in the *Fruge* matter and consequently is filing the identical memorandum, which is attached, in the above-captioned matter.

Respectfully submitted,

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By _____
Raymond L. Brown, Jr., T.A., #1737
Lottie L. Bash, #26186
2001 MacArthur Drive
P. O. Box 6118
Alexandria, LA  71307-6118
(318) 445-6471

**ATTORNEYS FOR DEFENDANTS,
FRIENDSHIP CABLE OF TEXAS, INC., D/B/A
CLASSIC COMMUNICATIONS and AMERICAN
HOME ASSURANCE COMPANY**

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing Notice of Filing Duplicate Pleading has been served by mailing the same upon all counsel of record, by United States Mail, postage prepaid.

Alexandria, Louisiana this 6th day of January, 2003.

_____
COUNSEL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| EDDIS J. FRUGE, ET AL | * | |
| | * | CIVIL ACTION NUMBER 02-CV-2425 |
| VERSUS | * | 02CV2425 |
| | * | JUDGE LITTLE |
| CLASSIC COMMUNICATIONS, INC., | * | |
| ET AL. | * | MAGISTRATE JUDGE KIRK |

## MEMORANDUM IN OPPOSITION TO MOTION TO ABSTAIN AND REMAND

NOW INTO COURT, through undersigned counsel, come defendants, Friendship Cable of Texas, Inc., d/b/a Classic Communications and American Home Assurance Company (collectively "Classic"), who oppose the Motion to Abstain and Remand filed by the plaintiffs, Eddis J. Fruge, Jennie Mills Fruge and David W. Gaspard ("Plaintiffs"). Remand is not proper under 28 U.S.C. 1334(c) because the statute calls for abstention, not remand; Plaintiffs have failed to demonstrate that the state court proceeding will provide a timely claim resolution as statutorily mandated; and equities support this court maintaining jurisdiction. Plaintiffs' motion should be denied.

### I. FACTUAL & PROCEDURAL BACKGROUND

On October 28, 2002, a two vehicle accident occurred outside Cottonport, Louisiana (the "Accident"). As a result, all of the occupants of one vehicle (Melissa Fruge Gaspard, her minor son Sean D. Gaspard, Donnie Deshotel, and his minor son Donnie Deshotel, Jr.) died. Douglas Parsley was operating the second vehicle, a truck owned by Classic. Plaintiffs allege that Parsley was in the course and scope of his employment and on call at the time of the Accident. This was denied by Classic in its Answer.

Two separate actions were filed, both in the 12th Judicial District in Avoyelles Parish, and subsequently removed by Classic: the instant suit by plaintiffs on behalf of Melissa Fruge Gaspard and Sean D. Gaspard; and the second suit on behalf of Donnie Deshotel and Donnie Deshotel, Jr., entitled *Rita Deshotel vs. Classic Communications, Inc., et al*, 02-CV-2425, United States District Court, Western District of Louisiana, Alexandria Division. Plaintiffs' in the *Deshotel* matter have filed an essentially identical motion and brief as the *Fruge* motion and brief addressed herein, and Classic submits this memorandum in opposition addressing the merits of both.

On November 13, 2001 prior to the Accident, Friendship Cable of Texas, Inc., d/b/a Classic Communications ("Friendship Cable") filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code, District of Delaware. With Parsley's consent Classic timely removed both matters pursuant to 28 U.S.C. § 1452 and Parsley timely filed written consents to those removals. If this Court denies plaintiffs' motions, Classic intends to move to consolidate these actions.

## II. LEGAL ANALYSIS

Plaintiffs present three theories for returning to state court in Avoyelles Parish: mandatory abstention, discretionary abstention and procedural arguments for remand. Their theories do not support their request. Although not articulated by Plaintiffs, another discretionary remand provision exists but it does not apply because Plaintiffs failed to raise it timely, and additionally, the equities for denying remand favor Classic. Plaintiffs' motion in its entirety should be denied.

## A. Abstention

Plaintiffs rely on 28 U.S.C. § 1334 (c)(1) and (2) and request remand. Section 1334 (c) (2), a mandatory abstention statute, requires *abstention* if an action "is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." Alternatively, Plaintiffs look to § 1334 (c) (1) for discretionary abstention. Notably, the language of these statutes refers to abstention, not remand.

Section 1452(a) states "[a] party may remove any claim or cause of action in a civil action . . . if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Jurisdiction through § 1334 is exclusive for all cases under title 11 and original, but not exclusive, for civil proceedings arising under, arising in or related to cases under title 11. See § 1334 (a) & (b).

In *KJS Dev. Co. vs. Lambert*, 223 B.R. 677, 679 (Bankr. E.D La. 1998), the court stated that abstention under § 1334, be it mandatory or discretionary, has no application in the context of a removed action. Quoting *In re Branded Prods., Inc.*, 154 B.R. 936, 939 (Bankr. W.D. Tex. 1993). Abstention can only exist where there is a pendent state court action for which the federal court may or must abstain. See *KJS*, 223 B.R. at 679, *quoting Security Farm vs. Int'l Brotherhood of Teamsters*, 124 F.3d 999, 1009 (9th Cir. 1997). *But see Southmark Corporation vs. Coopers & Lybrand*, 163 F.3d 925 (5th Cir. 1999) (noting and rejecting, assertion that statutory abstention does not apply to cases removed to federal court on the basis of bankruptcy jurisdiction).

In the case at bar, 1334(c) cannot apply because there is no pending state court action. Plaintiffs have cited an abstention statute, but requested remand. Because there

is no pending state action in favor of which this court may abstain, the §1334 (c) (1) & (2) provisions for abstention do not apply.

### 1. Mandatory Abstention

Section 1334 (c) (2) cannot be applied to the case at bar because the state court action was not commenced prior to the bankruptcy proceedings. *See In re Consolidated Lewis Investment Corporation-Limited Partnership vs. Hibernia National Bank,* 78 B.R. 469, 475 (M.D. Bankr. La. 1987). However, even if § 1334(c)(2) could be applied to require a remand (which Classic denies), Plaintiffs cannot meet the requirements.

If Plaintiffs' reading of 1334(c)(2) were correct (i.e., that remand is *required* automatically because this court does not have jurisdiction), then the jurisdictional grant in § 1334 (b) and the removal power of 1452 (a) would be rendered meaningless. There are requirements that must be met for abstention. Plaintiffs' brief lists the six requirements:

1) the motion for abstention must be timely made;
2) the proceeding must be based on state law claims;
3) the proceeding must be related to the title 11 case, but not arise in or under the case;
4) the action must be one that could not have been commenced in federal court absent bankruptcy jurisidiction;
5) the action is commenced in state court; and
6) the state court action must be one that can be timely adjudicated in that forum.

Classic concedes for purposes of the pending motions that requirements 1, 3 and 4 have been met by Plaintiffs. It should be noted in reference to requirement 4 that although the *present* action lacks diversity, diversity is complete between Classic and all Plaintiffs. Plaintiffs destroyed complete diversity by naming Parsley, who is domiciled in the State of Louisiana. Plaintiffs failed to meet requirements 5 and 6 as follows:

***Requirement 5***: Plaintiffs cannot meet this requirement because the state court action was not commenced prior to the petition for bankruptcy. As the bankruptcy proceeding was filed on November 13, 2001, and this case was filed on October 24, 2002, 1334(c)(2) does not apply. See *In re Consolidated Lewis Investment Corporation-Limited Partnership vs. Hibernia National Bank*, 78 B.R. 469, 475 (M.D. Bankr. La. 1987).

***Requirement 6:*** Plaintiffs must show, not merely state, that this matter can be timely adjudicated. In *Hospital Service District No. 3 vs. Fidelity & Deposit Co.*, 1999 WL 294795 (E.D. La.), a case cited by plaintiffs, the court stated,

> "[a]lthough the Court believes that TRMC's case, which was filed in state court on January 20, 1999, is more likely to be adjudicated quickly in a court that is familiar with such state law claims, plaintiff has made no showing that its claims can be timely adjudicated in state court. Rather, plaintiff simply claims that there is no indication that its claims cannot be timely adjudicated.

In *Borne vs. New Orleans Health Care, Inc.*, 116 B.R. 487 (E.D.La), the court noted even proof that an action has been actively litigated in state court, does not suffice to meet the timely adjudicated burden.

In the case at bar, Plaintiffs similarly make sweeping generalizations that "trial could commence within the year." Plaintiffs were required to demonstrate that these claims *will* be timely adjudicated, not *could* be. In contrast, all of the evidence points to a slow adjudication in state court. At the present time, no depositions have been taken, no written discovery completed, no setting conferences or other matters set or scheduled.

This case involves four deaths. Plaintiffs' survival actions and wrongful deaths include claims for punitive damages based on the alleged intoxication of Parsley.

Discovery will be extensive and time will be needed in order to effectively develop and present the cases from both sides. In fact, Plaintiffs even contend that "the [reorganization plan] will be finalized before discovery even *begins* in this case."

This discovery and direction toward trial can best be accomplished through Federal Rule 26(f) planning conferences, disclosures and guidance by the federal court. Therefore, Plaintiffs' request for mandatory abstention and remand should be denied.

2. Discretionary Abstention

As stated *supra,* and explained in *KJS*, § 1334 (c) (1) cannot apply because there is no parallel state action. Plaintiffs have failed to move for the remand based on § 1452 (b).[1] In an abundance of caution, however, Classic addresses the issues raised by Plaintiffs in their brief.

Discretionary abstention is just that - discretionary. There are non-exclusive factors that some courts have looked to in order to determine whether to abstain. The Fifth Circuit has listed the following factors for remand:

1) forum non conveniens;
2) bifurcation of the civil action;
3) centralization of the entire action in one court;
4) expertise of the particular court;
5) duplicative or wasteful use of judicial resourses;
6) prejudice to involuntarily removed parties;
7) comity of issues; and
8) a diminished likelihood of inconsistent results.

Additionally, the court in *KSJ* noted that considerations of equitable restraint are the four elements for mandatory abstention. 223 B.R. at 679 *citing Tyner vs. Wilson,* 1995 WL

---

[1] Pursuant to 28 U.S.C. § 1447(c), any request for remand pursuant to § 1452 (b) at a later time by Plaintiffs would be untimely, and therefore, should be denied.

542481 at *3 (E.D. La. 1995); *O'Rourke vs. Cairns*, 129 B.R. 87, 90 (E.D.La. 1991); *Borne vs. New Orleans Health Care, Inc.*, 116 B.R. 487, 494 (E.D. La. 1990). As discussed *supra*, Plaintiffs cannot meet the requirements for mandatory abstention. Most notably, Plaintiffs have failed to demonstrate that this matter will be timely adjudicated in state court.

Although defendants' counsel is not yet in possession of the policy, Friendship has advised that American Home's policy has limits of $1,000,000.00 with a $100,000.00 deductible. The Accident resulted in four deaths and includes claims for punitive damages. There are presently two (2) separate lawsuits resulting out of the Accident. As the bankruptcy had already been filed at the time of the Accident, any liability of Friendship Cable may be assessed to the bankruptcy estate. Depending on the amount assessed, this could be a significant drain and injury to the assets and other creditors of an already "in trouble" corporation.

As the factors listed above indicate, bifurcation of the civil action as Plaintiffs request is not desired. Specifically, Plaintiffs request that the action be heard in state court but the enforcement over and above Classic's insurance policy be left to the discretion of the bankruptcy court. Both matters may be heard in federal court or the bankruptcy court, possibly in a consolidated manner, and not have piecemeal inconsistent results. As this court is well aware, Louisiana state courts permit inconsistent results. *See Jones vs. City of Kenner*, 338 So.2d 606 (La. 1976) (the same issues of liability and damages would be determined twice - once by a jury for the insurer of a political subdivision and once by the judge of the police jury itself even though inconsistent results would most probably result). On the other hand federal courts frown upon inconsistent results. *See Hensgens vs. Deere &*

*Company,* 833 F.2d 1179 (5th Cir. 1987) (amendments to allow non-diverse parties to be joined and destroy require considerations of factors including the interest of preventing inconsitent results) ; *Brown vs. Southern Pacific Transportation Company,* 132 F.R.D. 451 (E.D.Tex. 1990) (citing *Hensgens*).

Plaintiffs correctly point out that there are non-debtor parties involved, i.e., Parsely and American Home Assurance Company ("American Home"). Plaintiffs contend that because American Home had a policy of insurance that was in effect at the time of the Accident, this litigation will not reach the bankruptcy estate. Nonetheless Plaintiffs have neither moved to dismiss Friendship nor limit their recovery to available insurance proceeds. In short, Plaintiffs' pleadings are inconsistent with their argument that this litigation cannot affect the bankruptcy assets, and Plaintiffs have failed in their motion to demonstrate such.

As Plaintiffs indicate, Classic's removal did not request this court to transfer this action to the bankruptcy court.[2] There is not statutory requirement to make such a request. In fact, pursuant to 28 U.S.C. § 157(b)(5), Local Rule 83.4 and Local Bankruptcy Rule 9029-3, this matter shall be tried in the district court and should not be referred to the bankruptcy judge for disposition. Further, the Accident, the witnesses and the vehicles are all located within the Western District of Louisiana. For the sake of convenience, Classic did not move to have the action transferred to Delaware.

For these numerous factors, this court should deny Plaintiffs' motion to remand.

### B. All Parties Have Properly Consented to Removal

---

[2] Specifically, Classic's removal stated, "this matter shall be tried in the district court and should not be referred to the bankruptcy judge for disposition, unless this court otherwise orders." *See* paragraph 8.

*Getty Oil Corporation vs. Insurance Company*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) stated that with a written indication from each served defendant, or from some person purporting to formally act on his behalf and with the authority to do so, that he actually consented to removal.

Classic contacted attorney of record for co-defendant, Parsley, who consented to removal and this consent was communicated to the Court in writing by Classic's counsel in the removal. At the time of removal, and separate from the removal, a notarized certificate by Lottie L. Bash, attorney of record for Friendship Cable of Texas, Inc., d/b/a/ Classic Communications and American Home, was filed indicating that Parsley consented and agreed to the removal. Additionally, in an abundance of caution, Parsley's attorney filed a separate consent to removal on December 23, 2003, the thirtieth day after removal.

The issue is whether co-defendant agreed to the removal. This was demonstrated with the filing of removal by the certificate signed by permission of co-defendant. Therefore, Parsley has communicated his consent to the court, not once - but twice. Plaintiffs seek to limit the *Getty* to only Parsley meeting the written requirement. In contrast *Getty* clearly holds that others with authority to do so can express consent to the court.

### III. CONCLUSION

Plaintiffs' motions for abstention and remand should be denied, and this court should retain jurisdiction.

Respectfully submitted,

GOLD, WEEMS, BRUSER, SUES & RUNDELL

By _____
Raymond L. Brown, Jr., T.A. , #1737
Lottie L. Bash,  #26186
2001 MacArthur Drive
P. O. Box 6118
Alexandria, LA  71307-6118
(318) 445-6471

**ATTORNEYS FOR DEFENDANTS, FRIENDSHIP CABLE OF TEXAS, INC., D/B/A CLASSIC COMMUNICATIONS and AMERICAN HOME ASSURANCE COMPANY**

## CERTIFICATE

I hereby certify that a copy of the above and foregoing memorandum in opposition has been served by mailing the same upon all counsel of record, by United States Mail, postage prepaid.

Alexandria, Louisiana this 6th day of January, 2003.

_____
COUNSEL

# Gold, Weems, Bruser, Sues & Rundell

LEO GOLD (1907-1987)
GEORGE B. HALL (1924 - 1971)

CHARLES S. WEEMS, III [1]
HENRY B. BRUSER, III
EUGENE J. SUES
EDWARD E. RUNDELL [2]
ROBERT G. NIDA
DEE D. DRELL
SAM N. POOLE, JR.
PEGGY D. ST. JOHN [7]
KENNETH O. ORTEGO
RAYMOND L. BROWN, JR.
J. OGDEN MIDDLETON, II [4]
RANDALL L. WILMORE
DORRELL J. BRISTER [1,2,3]
GREGORY B. UPTON
RANDALL M. SEESER
G. TRIPPE HAWTHORNE
E. JUNE WELLS-FOSTER
MICHAEL J. O'SHEE
BRANDON A. SUES
J. GRAVES THEUS, JR. [5]

A PROFESSIONAL LAW CORPORATION
2001 MACARTHUR DRIVE
POST OFFICE BOX 6118
ALEXANDRIA, LOUISIANA 71307-6118
TELEPHONE (318) 445-6471
FACSIMILE (318) 445-6476

Website: *www.goldweems.com*
Writer's email: *rbrown@goldweems.com*

OF COUNSEL
CAMILLE F. GRAVEL

LAWRENCE S. SEARCY, JR.
LOTTIE L. BASH [6]
TREVOR S. FRY
CHRISTOPHER M SYLVIA
MISTY SHANNON ANTOON
DAVID C. HESSER
MICHAEL E. TRACHTENBERG [2]
BRADLEY L. DRELL
BARBARA L. BELL

[1] BOARD CERTIFIED SPECIALIST IN TAXATION
[2] ALSO ADMITTED IN TEXAS
[3] BOARD CERTIFIED SPECIALIST IN ESTATE PLANNING & ADMINISTRATION
[4] BOARD CERTIFIED SPECIALIST IN FAMILY LAW
[5] ALSO ADMITTED IN WASHINGTON
[6] ALSO ADMITTED IN GEORGIA
[7] ALSO ADMITTED IN MARYLAND

January 6, 2003

Marcia Leleux  - **VIA HAND DELIVERY**
Clerk of Court, Unites States District Court
105 Post Office Building
515 Murray Street
Alexandria, LA   71309

      Re:    Rita Deshotel, et al v. Classic Comunications, Inc., et al
              Civil Action No: 1:02CV2425
              USDC - Western District of Louisiana: Alexandria Division

Dear Ms. Leleux:

      Enclosed please find a Notice Of Filing Duplicate Pleading and a Memorandum in Opposition to Motion to Abstain and Remand which I would appreciate your filing on behalf of defendants, Friendship Cable of Texas, Inc., d/b/a Classic Communications and American Home Assurance Company.

      By copy of this letter to all counsel, I am providing them with a copy of the enclosed.

      With kind personal regards, I remain

              Respectfully yours,

              GOLD, WEEMS, BRUSER, SUES & RUNDELL

              By_____
                  Lottie L. Bash

LLB:jpt
Enclosures

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**
January 6, 2003
Page 2

---

CC:  John W. Houghtaling, II- **VIA FAX W/ ORIGINAL TO FOLLOW VIA US MAIL**
Edward F. Downing, III
Gauthier, Downing, LaBarre, Beiser & Dean
3500 N. Hullen Street
Metarie, Louisiana 70002

Jean-Louis Lemoine- **VIA FAX W/ ORIGINAL TO FOLLOW VIA US MAIL**
Thomas R. Juneau, Sr.
The Juneau Firm
Suite 202, 1018 Harding Street
Lafayette, Louisiana 70505