RECEIVED
JAN 1 5 2003
CLERK

**FILED**

UNITED STATES DISTRICT COURT  USDC, WESTERN DISTRICT OF LA
WESTERN DISTRICT OF LOUISIANA  ROBERT H. SHEMWELL, CLERK
ALEXANDRIA DIVISION   DATE _____
BY _____

RITA DESHOTEL, INDIVIDUALLY          *  CIVIL ACTION CV 02-CV-2425
AND AS TUTRIX FOR AND ON BEHALF      *
OF HER MINOR CHILD,                  *
BRITTANI DESHOTEL                    *  JUDGE LITTLE
                                     *
VERSUS                               *
                                     *
CLASSIC COMMUNICATIONS,              *  MAGITRATE JUDGE KIRK
INC., AMERICAN HOME                  *
ASSURANCE CO., FRIENDSHIP CABLE      *
OF TEXAS, DOUGLAS L. PARSLEY         *
AND ABC INSURANCE CO.                *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN RESPONSE TO DEFENDANT'S
## OPPOSITION TO MOTION TO ABSTAIN AND REMAND

Defendant, Classic, makes several representations to the Court in its argument against mandatory abstention, discretionary abstention, and procedural consent, which are either inaccurate or not supported by the law, the facts, or record of this case.

**I.    This "Post-Petition" State Law Claim is "Not Related" to the Bankruptcy Case Because the Title 11 Bankruptcy Reorganization is Over.**

The title 11 bankruptcy reorganization of Classic is over. Judge Peter J. Walsh of the United States Bankruptcy Court for the District of Delaware signed a final order of reorganization of Classic Communications on December 27, 2002 (see final order confirming reorganization plan attached as Exhibit 1). Therefore, this action, which is a "post-petition" state law claim, is too remote from this previous Chapter 11 reorganization to be considered properly removable under 1452. ***Defendant cannot cite to one case where 1452 was used to remove an***



1

*action or debt that accrued after a bankruptcy proceeding.  Plaintiff's research has uncovered not one instance where this was allowed.*

It is undisputed that the cause of action against Classic is a "post-petition" claim based upon "post-petition" conduct.  The petition for Chapter 11 bankruptcy filed by Classic in the United States Bankruptcy Court for the District of Delaware was filed in November of 2001, and a final confirmation order of reorganization was signed by the bankruptcy judge on December 27, 2002.  As a post-petition, post-reorganization, post-bankruptcy claim, Classic will be responsible for one hundred cents on the dollar of any such judgment, which may or may not be levied against Classic at the end of this litigation.

This claim cannot affect this reorganization because the reorganization is over.  As such, these post-petition claims were improperly removed under 1452 because they do not relate to this bankruptcy proceeding.  See generally, Resolve Ins. Co. v. Underwood, 230 So.2d 433 (La. App. 1 Cir. 1970); Zerand-Bernal, 23 F.3d 159 (7th Cir. 1994); In Re Kewaned Boiler Corp., 198 B.R. 519 (N.D. Ill. 1996).  See also generally how federal courts have cautioned against exercising jurisdiction over claims after the confirmation of a reorganization or liquidation plan.   In Re Poplar Run File Ltd. Partnership, 192 B.R. 848 (Bankr. E.D.Va. 1995) (holding that "related to" jurisdiction did not apply where the outcome would have no impact on the estate's administration since the debtor had a confirmed liquidation plan prior to the outcome of the proceeding); see also In Re Spiers Graft, 190 B.R. 1001 (Bankrp. N.D.Ill. 1996) (indicating that "the jurisdictional authority of a bankruptcy judge is sharply reduced following confirmation."). Id. at 1006.  Accordingly, this action should be remanded on the basis that it is too remote to this title 11 action.

## II.   Mandatory Abstention[1]

Although Classic attempts to persuade this Court that 1334 has no application in the context of a removed action, it concedes that the Fifth Circuit has rejected this very argument. See Southmark Corp. v. Coopers and Lybrand, 163 F.3d 925 (5th Cir. 1999) (statutory abstention **does** apply to cases removed to federal court on the basis of bankruptcy jurisdiction.).

As set forth above, this action was improperly removed under 1452 because the action is a post-petition claim and thus too remote to be "related to" this prior Chapter 11 plan. Nevertheless, even if this court considers that it was related, mandatory abstention still applies. Classic admits that of the six requirements for mandatory abstention, plaintiff meets requirements 1, 3 and 4. Classic does not suggest that requirement 2 is not met because the proceeding was based on state law claims. Classic's sole argument that plaintiff failed to meet requirements 5 and 6 is not supported by the record of this case.

**A.   Requirement 5**: Defendant contends that plaintiff fails to meet the requirement that "the action is commenced in state court," simply because the original bankruptcy petition was filed before the state court action. Defendant's sole authority for this is In Re Consolidated Lewis Investment Corporation – Limited Partnership v. Hibernia National Bank, 78 B.R. 469, 475 (M.D. Bankr. La. 1987). In In Re Consolidated Lewis, the cause of action giving rise to the claim preceded the bankruptcy petition. The bankruptcy petition was filed first and the prior claim was previously part of the bankruptcy proceeding. In that circumstance, the bankruptcy case was given priority. In this case, the cause of action did not exist when the defendant filed

---

[1]  Classic objects that language of 1334(C)(1) refers to abstention and not remand. Federal courts have stated that where abstention is appropriate, or required, remand will follow. Warren, 125 B.R. at 130-31; In Re Pacor, Inc., 72 B.R. 927, 932 (Bankr. E.D. Pa. 1987) adopted 86 B.R. 808, appeal dismissed 1988 WL 235479 (3 Cir. 1988). In Re Chiodo, 88 B.R. 780 W.D. Tex. 1988).

under Chapter 11.  "The use of the word 'commenced' in section 1334(c)(2) . . . indicates that a similar state action must have been commenced at some point in time before the court considers abstention." In Re Baldwin Park Inn Associates, 144 B.R. 475 (C.D. Cal. 1992).  The "action" contemplated by 1334, which must be "commenced," is the state court action at issue: Rita Deshotel, et al v. Classic Communications, et al.  This action, over which abstention and remand is sought, was commenced in state court.  Therefore, this requirement is met.

**B.    Requirement 6**: Classic distorts the element of "timely adjudication" in the mandatory abstention analysis.  The plaintiff "need not show that the action can be 'more timely adjudicated in state court,' rather that the matter can be timely adjudicated in state court." WRT Creditors Liquidation v. C.I.B.C. Oppenheimer, 75 F.Supp.2d 596 (S.D.Tex. 1999).  Plaintiff's counsel stated that the state court action could be timely adjudicated because the trial court section assigned to this case has an efficient docket wherein trial could commence within a year. Classic alleges this is insufficient.  However, federal courts have found it sufficient for a trial counsel to make an affirmative statement that the trial could commence in state court within a year due to the uncongested nature of the state court bench, and where the defendants have offered no controverting evidence the state court could not adjudicate the case timely. WRT Creditors Liquidation v. C.I.B.C. Oppenheimer, 75 F.Supp.2d 596 (S.D.Tex. 1999).  Plaintiff's counsel set forth in plaintiff's memorandum that the district section "B" of the state court in the 12th Judicial District Court is an efficient state court where trial could commence within a year. Plaintiff made such a statement based upon a recent status conference wherein this district court judge indicated that his docket was free and a separate jury trial could commence within two months of completion of discovery.  See affidavit of Edward F. Downing, III, attached as Exhibit

2.[2]   Since defendant has offered no controverting evidence that the state court could not

adjudicate this matter timely, this evidence is sufficient. WRT Creditors Liquidation, supra.

Classic disingenuously states that "all of the evidence points to a slow adjudication in

state court. At the present time, no depositions have been taken, no written discovery completed,

no setting conferences or other matters have been set or scheduled." *The reason that the state*

*court action has not progressed is because Classic immediately removed this case after filing*

*and refused to comply with plaintiff's discovery which was served with the petition.* After

removal the state civil district court did not have jurisdiction, and the parties were prevented

from moving forward. There is absolutely no indication that the claims cannot be timely

adjudicated. The defendant has offered absolutely no indication that the state court is inefficient,

except for the blanket suggestion that matters always move faster in federal court. Even if federal

courts are always faster, as defendant suggests, the case law does not support defendant's

position, because the federal courts have stated that a case can still be "timely adjudicated" in

state court even if the federal court can adjudicate the action quicker. WRT Creditors

Liquidation v. C.I.B.C. Oppenheimer, 75 F.Supp.2d 596 (S.D.Tex. 1999).

## III.   Discretionary Abstention

Classic next argues that this court should not discretionarily abstain from hearing this

case. Classic ignores the fact that the Fifth Circuit has given district courts guidance on how to

apply the discretionary abstention doctrine in In Re Gober, 100 F.3d 1195, 1206-07 (5th Cir.

1996). Classic does not mention or discuss the twelve factors set forth by In Re Gober which

---

[2] Plaintiff's counsel could do little else than make such a representation under Rule 11. After removal, plaintiff's counsel could not call for a status conference to discuss the state court's docket. The court's docket is not a public record and it would be improper for plaintiff's counsel to have an ex parte communication with the state court. Plaintiff's counsel could only make the affirmative statement based on counsels' personal knowledge that the claim could be timely adjudicated.

should be considered in determining whether district courts should exercise discretion to abstain. Those factors are discussed by plaintiff on pages 5-7 of its brief.

Defendant merely discusses two points: (1) there is an American Home policy with limits of $1 million and a $100,000 deductible applied to Friendship; and (2) removal to federal court should be granted to avoid piecemeal litigation and inconsistent results.

Defense counsel suggests (but does not state) that Classic has uninsured exposure for this accident. While this is not a consideration factor set forth in In Re Gober, supra, it is important to note that *defendant has not provided any evidence that there is uninsured exposure, and thus cannot meet the burden of showing this case is related to Classic's previous title 11 reorganization.* Defense counsel indicates that they are not yet in possession of the American Home policy applied to Friendship. However, Classic's counsel does not disclose each and every policy of insurance, whether underlying or excess, which may be available to Classic. Prior to filing the suit, plaintiff's counsel repetitively requested that Classic provide copies of these policies and applicable limits. Classic refused to comply, indicating that it would not disclose the existence of any such policies unless commanded to by a court of law. Therefore, plaintiff filed this matter in state court and requested these policies through discovery. Classic avoided the production of any such policies by filing its removal. Classic still has not demonstrated (or even affirmatively stated) that there is an uninsured risk to Classic.

Classic next argues that removal to federal court should be granted to avoid piecemeal litigation and inconsistent results. In the same breath, Classic suggests that this matter should not be consolidated with the bankruptcy proceeding in Delaware, but rather tried in a separate federal court. Classic fails to explain how this resolves piecemeal litigation.

6

Classic also fails to address the issue as to whether the District Court of Delaware will wish to reopen the closed bankruptcy proceeding, vacate the prior reorganization order, and to deal with this unrelated post-bankruptcy judgment. See In Re Grace Community, Inc., 262 B.R. 625 (Bankr. E.D. Pa 2001) (indicating that a district court that accepts such a removal action may have to transfer it to the original bankruptcy court).  Classic refuses to respond to factor 8 under In Re Gober, which discusses the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with the enforcement left to the bankruptcy court.  If deemed appropriate by this Court, plaintiff will agree to sever its state law claims against Classic, and will agree to submit the execution of any judgment against the personal assets of Classic to the bankruptcy court in Delaware.

Classic has failed to discuss the twelve factors of In Re Gober, supra, which should guide the court in determining whether to exercise discretion because those twelve factors indicate that the court should exercise such discretion.

## IV.    The Parties Have Not Properly Consented to Removal.

In this case, Parsley's attorney communicated consent to Classic's attorney, and Classic's attorney communicated Parsley's consent to the court.  This does not this satisfy the Fifth Circuit's strict rule (also majority rule followed by the Fourth, Sixth, Seventh, and Eleventh Circuits) that the removal statute specifically requires that all defendants communicate their consent *__directly to the court__* and *__not to one another__*.  Getty, 841 F.2d at 1262-3; Wilkins v. Correctional Medical System, 931 F.2d 888 (4th Cir. 1991); Martin Oil Company v. Philadelphia Life Insurance Company, 827 F.Supp. 1236, 1237 (N.D.W.Va. 1993); Kickerbocker v. Chrysler Corp., 728 F.Supp. 460, 461-2 (E.D. Mich. 1990); Fellhauer v. City of Geneva, 673 F.Supp.

1445, 1447-48 (N.D. Ill. 1987); Knowles v. Hertz Equipment Rental Company, 657 F.Supp. 109-110 (S.D. Fla. 1987).  These cases stand for the principle that it is insufficient for Classic to communicate Parsley's position to the court.  Parsley, or Parsley's attorney, must communicate this consent to the court directly within thirty days of service of the original state court action pursuant to 1442(b).

*Classic misinterprets the thirty-day requisite of 1446(b), by suggesting that the thirty-day period runs from the time of removal as opposed to the time of the service of the original state court action.*  This is incorrect and a misreading of 1446(b) in the rule of unanimity which requires that all defendants communicate their consent directly to the court within thirty days of service of the original state court petition on the first defendant. Getty, 841 F.2d at 1262-3, Wilkins v. Correctional Medical System, 931 F.2d 888 (4th Cir. 1991); Martin Oil Company v. Philadelphia Life Insurance Company, 827 F.Supp. 1236, 1237 (N.D.W.Va. 1993); Kickerbocker v. Chrysler Corp., 728 F.Supp. 460, 461-2 (E.D. Mich. 1990); Fellhauer v. City of Geneva, 673 F.Supp. 1445, 1447-48 (N.D. Ill. 1987); Knowles v. Hertz Equipment Rental Company, 657 F.Supp. 109-110 (S.D. Fla. 1987).  Parsley was served with the state court petition on November 4, 2002.  (See certificate of service on Parsley on November 4, 2002, attached as Exhibit 3).  Parsley did not communicate his consent to the court within thirty days.  On December 20th, 2002, forty-six (46) days after service of the original petition, Parsley signed a consent to removal and forwarded this communication to the court on that date (see filing of Parsley's consent attached as Exhibit 4).  Classic forwarded Parsley's consent to the court three days later on December 23, 2002, forty-nine (49) days after service of the original petition.  Parsley's communication is untimely (see Parsley's communication dated December 20, 2002, attached as

8

Exhibit 4).  Classic's communication of Parsley's consent is both untimely and insufficient. Accordingly, this action must be remanded pursuant to 28 USC 1446(a) and (b).

## V.    Conclusion

Classic has failed to indicate that mandatory abstention does not apply because plaintiff has affirmatively represented to the court that the state court action can be timely adjudicated and indicated the basis for this belief, and Classic has failed to provide any evidence to rebut the presumption that the state court action can be timely adjudicated.

Furthermore, Classic fails to even discuss the twelve guidelines set forth by In Re Gober, supra, which give guidance to this court as to its exercise of discretionary abstention.  Classic does not discuss these factors because all factors call for discretionary abstention.

Furthermore, Classic cannot satisfy the requirement that Parsley consents to removal.  It is insufficient for Classic to communicate Parsley's consent to the court.  Parsley must communicate this consent to the court directly.

For these reasons, this court should abstain and remand this action back to the state court from which it arose.

Respectfully submitted:

**GAUTHIER, DOWNING, LABARRE, BEISER & DEAN**

_____

**EDWARD F. DOWNING, III (Bar No. 1339)**
**JOHN W. HOUGHTALING, II (Bar No. 25099)**
3500 North Hullen Street
Metairie, Louisiana  70002
Phone:  (504) 456-8600
**ATTORNEYS FOR PLAINTIFFS**

9

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties via facsimile transmission, hand delivery, or by placing same in the U.S. Mail, postage prepaid and properly addressed, this _14th_ day of January, 2003.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
| | |
|---|---|
| In re: | : |
| | : |
| **CLASSIC COMMUNICATIONS, INC.,** | : |
| et al., | : |
| | : |
| Debtors. | : |
| | : |

Chapter 11

Case Nos. 01-11257 (PJW)
through 01-11272 (PJW)

Jointly Administered

---------------------------------------------------x

## NOTICE OF (I) ENTRY OF CONFIRMATION ORDER
## AND (II) FEE CLAIMS BAR DATE

PLEASE TAKE NOTICE that on December 26, 2002, the United States Bankruptcy Court for the District of Delaware entered its Findings of Fact, Conclusions of Law, and Order Confirming First Amended Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code Jointly Proposed by the Official Committee of Unsecured Creditors and the Debtors' Prepetition Secured Lenders (the "Confirmation Order")[1].

PLEASE TAKE FURTHER NOTICE that the Confirmation Order is available for inspection at the office of the Clerk of the United States Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801, at the online docket located at www.deb.uscourts.gov.

PLEASE TAKE FURTHER NOTICE that in accordance with the Confirmation Order and Section 2.4 of the Plan no later than forty-five (45) days after the Effective Date, each person or entity asserting a Fee Claim (as defined in the Plan) for services rendered in connection with the Reorganization Cases prior to the Effective Date must file and serve on the Reorganized Debtors and their counsel applications for final allowance of such Fee Claims.  Objections to any Fee Claim must be filed and served on the Reorganized Debtors, their counsel and the requesting person or entity by no later than twenty (20) days after the filing of an application for final allowance of such Fee Claim.

PLEASE TAKE FURTHER NOTICE that, in accordance with the Confirmation Order and Section 2.2 of the Plan no later than forty-five (45) days after the Effective Date, each person or entity asserting an Administrative Expense Claim must file and serve on the Reorganized Debtors and their counsel applications for allowance and payment of such Claims, other than as

---

[1]     The Confirmation Order was entered with respect to the first Amended Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code Jointly Proposed by the Official Committee of Unsecured Creditors and the Debtors' Prepetition Secured Lenders (as amended pursuant to the Confirmation Order, the "Plan").  All terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.



provided in Section 2.2 of the Plan, which exempts certain parties from having to file such an application.

BY ORDER OF THE BANKRUPTCY COURT
Honorable Peter J. Walsh
Chief United States Bankruptcy Judge

Dated: Wilmington, Delaware
       December 26, 2002

COUNSEL:

/s/ _____
Francis A. Monaco, Jr. (No. 2078)
Joseph Bodnar (No. 2512)
Walsh Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
(302) 656-8162

and

Anthony Princi (AP-5986)
Thomas L. Kent (TK-2935)
Brian Goldberg (BG-8052)
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103
(212) 506-5000

Attorneys for the Official Committee
Of Unsecured Creditors

COUNSEL:

/s/ _____
Mark D. Collins (No. 2981)
Richards, Layton & Finger PA
One Rodney Square
Wilmington, DE  19801
(302) 658-6541

and

Brian S. Rosen (BR 0571)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153
(212) 310-8000

Co-Attorneys for Goldman Sachs
Credit Partners L.P., as Agent

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| RITA DESHOTEL, individually and as | * | |
| Tutrix for and on behalf of her minor child, | * | |
| BRITTANI DESHOTEL | * | CIVIL ACTION CV 02-CV-2425 |
| | * | |
| versus | * | JUDGE LITTLE |
| | * | |
| CLASSIC COMMUNICATIONS, INC., | * | MAGISTRATE JUDGE KIRK |
| AMERICAN HOME ASSURANCE CO., | * | |
| FRIENDSHIP CABLE OF TEXAS, | * | |
| DOUGLAS L. PARSLEY and | * | |
| ABC INSURANCE CO. | * | |

## **AFFIDAVIT**

**STATE OF LOUISIANA**
**PARISH OF JEFFERSON**

      **BEFORE ME,** the undersigned Notary Public, personally came and appeared:

### **EDWARD F. DOWNING, III,**

who, after being duly sworn and deposed, did state that:

      1.    I am one of the counsel of record in the matter entitled *Rita Deshotel, individually and as Tutrix for and on behalf of her minor child, Brittani Deshotel vs. Classic Communications, Inc., et al*, Civil Action No. CV 02-CV-2425, United States District Court, Western District of Louisiana, Alexandria Division;

      2.    I am licensed to practice law in the States of Louisiana and Texas;

      3.    I am also counsel of record in the matter entitled *Larry Dauzat, as Administrator of the Estate of His Minor Son, Jeremy Dauzat, et al vs. Entergy Louisiana, Inc.*, No. 98-5833, 12th Judicial District Court for the Parish of Avoyelles, State of Louisiana, which has been allotted to Division "B," Hon. William J. Bennett (hereinafter cited as *Dauzat*);



4.     This case, *Deshotel vs. Classic Communications, et al*, which was previously removed from State Court to Federal District Court, had been allotted to the same section as the *Dauzat* matter, Division "B," Hon. William J. Bennett;

5.     On December 5, 2002 I participated in a status conference with District Judge Bennett regarding the *Dauzat* matter, whereby counsel discussed postponing the *Dauzat* trial from its then scheduled date of January 6, 2003;

6.     During that status conference with Judge Bennett and other counsel, the Court indicated its availability to reschedule that *Dauzat* matter;

7.     During the *Dauzat* status conference, the Court indicated that it could entertain the one week jury trial that was currently scheduled for January, 2003 during the months of April, May or June, 2003, thus indicating there would only be a two month postponement of the January jury trial date, if all counsel were available;

8.     Because of conflicts with counsels' schedules, the *Dauzat* trial was rescheduled for a one week jury trial beginning on June 2, 2003;

9.     During that status conference, the Court indicated substantial availability of current dates for one week jury trials;

10.     All of the above statements are true and correct based on my own personal knowledge and belief.

EDWARD F. DOWNING, III, Affiant

**Sworn to and subscribed before me**
**this** /4 **day of** January , 2003.

NOTARY PUBLIC

2

# RETURN

C I T A T I O N

RITA DESHOTEL, INDIVIDUALLY AND AS          12TH JUDICIAL DISTRICT
TUTRIX FOR AND ON BEHALF OF HER MINOR
CHILD, BRITTANI DESHOTEL

        VS NO       2002-4076-B        PARISH OF AVOYELLES

CLASSIC COMMUNICATIONS, INC , ET AL       STATE OF LOUISIANA

THE STATE OF LOUISIANA

TO    DOUGLAS L PARSLEY, 292 BRASSETT LANE, COTTONPORT, LA

                OF THE PARISH OF  AVOYELLES

    You are hereby cited to appear in the office of the Clerk of
said Court, in the City of Marksville, Parish aforesaid and comply
with the demand contained in the petition, of which a copy is hereto
annexed, or make an appearance, in writing, by filing a pleading or
otherwise in the Office of said Clerk within fifteen (15) days after
the service hereof, under penalty of law

    WITNESS the Honorable JUDGES of our said Court, on OCTOBER 30
2002.

                        _Rebecca Sailes_
                        DEPUTY CLERK OF COURT

JOHN HOUGHTALING
3500 N HULLEN STREET
METAIRIE, LA

    ATTORNEY
D/P

----

        S H E R I F F ' S   R E T U R N
        P E R S O N A L   S E R V I C E
    Received the above citation, a certified copy thereof, and a
certified copy of the petition

    FILED ON      _____
    DATE SERVED   _10-4-2002_
    IN PERSON TO  _DOUGLAS PARSLEY_
    DEPUTY SHERIFF _W H Bright_
        D O M I C I L I A R Y   S E R V I C E
Received this citation, a certified copy thereof, a certified copy of
                the petition.

    FILED ON      _____
    DATE SERVED   _____
    SERVED TO     _____ a person apparently
                  above the age of sixteen years residing at the said
                  domicile as a member, at the time of said service,
                  of the said defendant was absent

    DEPUTY SHERIFF _____

EXHIBIT 3

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

RITA DESHOTEL, INDIVIDUALLY    *    CIVIL ACTION NO. CV 02-CV-2425
AND AS TUTRIX FOR AND ON
BEHALF OF HER MINOR CHILD,
BRITTANI DESHOTEL

VERSUS    *    JUDGE LITTLE

CLASSIC COMMUNICATIONS,
INC., AMERICAN HOME
ASSURANCE CO., FRIENDSHIP
CABLE OF TEXAS, DOUGLAS
L. PARSLEY AND ABC INSURANCE
COMPANY    *    MAGISTRATE JUDGE KIRK
*********************************************************************

## CONSENT TO REMOVAL

I, Jean-Louis Lemoine, on behalf of Douglas Parsley, am authorized to and do hereby

consent to removal of the following matter: <u>Rita Deshotel, Individually and as Tutrix for and on</u>

<u>behalf of her minor child, Brittani Deshotel vs. Classic Communications, Inc., American Home</u>

<u>Assurance Co., Friendship Cable of Texas, Douglas L. Parsley and ABC Insurance Company.</u>,

from the 12th Judicial District Court, Docket Number 2002-4076-B, to the District Court of the

United States, Western District of Louisiana, Alexandria Division.

Signed on this 20th day of December, 2002.

By_____
JEAN-LOUIS LEMOINE



# THE JUNEAU FIRM

A   P R O F E S S I O N A L   L A W   C O R P O R A T I O N

PATRICK A. JUNEAU
MICHAEL J. JUNEAU
THOMAS R. JUNEAU, SR. †
SUE NATIONS
KAREN BORDELON LEVY
JEAN-LOUIS LEMOINE
DONALD H. KNECHT, JR.

THE HARDING CENTER
1018 HARDING STREET • SUITE 202
LAFAYETTE, LOUISIANA 70503

www.juneaulaw.com

December 20, 2002

MAILING ADDRESS:
P.O. DRAWER 51268
LAFAYETTE, LA 70505-1268

TELEPHONE: (337) 269-0052

FACSIMILE: (337) 269-0061
Writer's E-Mail Address:
jll@juneaulaw.com

† Also Licensed in Texas and Washington, D.C.

Honorable Robert H. Shemwell
Clerk of Court, United States District Court
Western District of Louisiana
1167 Federal Building
300 Fanin Street
Shreveport, LA 71101-3083

RE:   Rita Deshotel, Individually and as Tutrix for and on behalf of her
minor child, Brittani Deshotel v. Classic Communications, Inc., *et al.*
Civil Action No. 02CV-2425

Dear Mr. Shemwell:

Enclosed please find a Consent to Removal on behalf of Douglas Parsley in the referenced matter.

If you have any questions or comments, please call.

With kindest regards, I remain

Very truly yours,

JEAN-LOUIS LEMOINE

JLL/cmb
Enclosure
cc:   Mr. Jerold Edward Knoll
      Ms. Lottie Bash
      Mr. John Houghtaling, III