alex

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 05/06/03
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

RITA DESHOTEL

-vs-

CLASSIC COMMUNICATIONS, INC., et al.

CIVIL ACTION NO. 02-2425

SECTION "A" (JUDGE LITTLE)

### MEMORANDUM RULING

Before this court is plaintiff Rita Deshotel's, individually and on behalf of her minor child, Brittani Deshotel, Motion to Abstain and Remand Pursuant to 28 U.S.C. 1334(C)(2). Plaintiff asks this court to abstain from the proceedings and remand the removed action to the Twelfth Judicial District Court, Parish of Avoyelles, State of Louisiana. In addition, plaintiff asks for costs and attorney fees for the removal. Plaintiff urges this court to grant the motion on the following grounds: (1) the elements of mandatory abstention are present under the provisions of 28 U.S.C. § 1334(c); (2) the elements of discretionary abstention are present; and (3) the removal procedure was defective. Defendants in this action are Friendship Cable of Texas, Inc. ("Friendship Cable"), d/b/a Classic Communications ("Classic"), American Home Assurance Company ("American Home"), and Douglas L. Parsley (collectively "defendants"). After studying the record, the legal memoranda submitted by the parties, and the applicable law and



jurisprudence, the court GRANTS plaintiff's motion to abstain and remand and DENIES plaintiff's motion for costs and attorney fees.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying Louisiana state court case is one of wrongful death based on an automobile accident, which occurred on 20 August 2002 in Avoyelles Parish, Louisiana. Early that morning, Donnie Deshotel was driving an automobile south on La. Hwy. 107. Melissa Fruge Gaspard was in the passenger seat and Sean Gaspard and Donnie Deshotel, Jr. shared the rear seat. Douglas L. Parsley was driving north on that same road in a truck registered to his employer, Friendship Cable. Plaintiff alleges that Parsley attempted a sudden left turn in front of the Deshotel automobile resulting in a collision. See Doc. No. 1. Plaintiff also contends that Parsley was intoxicated and driving the cable truck in the course and scope of his employment with Friendship Cable when the incident occurred. See id. As a result of the accident, all four occupants of the Deshotel automobile died.

The relationships between the participants in the accident and the parties in this action are as follows[1]: Donnie Deshotel was the father of Brittani Deshotel. Rita Deshotel was the mother of Donnie Deshotel, Jr. Friendship Cable is a subsidiary of Classic. Plaintiff alleges Classic and Friendship Cable are liable

---

[1] Claims were brought on behalf of Melissa Fruge Gaspard and Sean D. Gaspard in a separate action.

under the doctrine of respondeat superior. See Doc. No. 1. American Home is the insurer of automobile liability insurance for Friendship Cable and Classic.

As a result of the automobile accident, plaintiff filed suit in the Twelfth Judicial District Court, Parish of Avoyelles, State of Louisiana. In the petition, plaintiff sought recovery for the loss of love, affection and society for the deceased due to wrongful death under Louisiana Code Article 2315:2(A)(2) and punitive damages under Louisiana Revised Statute 2315.4. Rita Deshotel filed a wrongful death action for the death of her son, Donnie Deshotel, Jr. Rita Deshotel, as representative of her minor child, Brittani Deshotel, filed a wrongful death action for the death of Brittani Deshotel's Father, Donnie Deshotel. Plaintiff did not make any federal claims in the lawsuit. Additionally, parties in this action are not diverse.

One 13 November 2001, Classic filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Code") in the United States Bankruptcy Court, District of Delaware. On 22 November 2002, Friendship Cable, d/b/a Classic, and American Home ("removing defendants") filed a timely notice of removal [Doc. No. 3] pursuant to 28 U.S.C. §§ 1334(b) and 1452. Removing defendants contend that plaintiff's claim for damages assert a claim to property of the bankruptcy estate and "could have a substantial impact on the petitioners' on-going bankruptcy proceeding." Doc. No. 5. Removing defendants state that "[u]pon removal, the action is a non-core proceeding and under 28 U.S.C.

§ 157(b)(5), Local Rule 83.4 and Local Bankruptcy Rule 9029-3, this matter shall be tried in the district court and should not be referred to the bankruptcy judge for disposition, unless this court otherwise orders." Id. Removing defendants also note that "[p]etitioners show and certify that defendant, Douglas L. Parsley, has been notified, has consented and has agreed to this removal." Id. At the time the notice of removal was filed, Parsley had not issued a separate document indicating his consent to the removal. On 19 December 2002, plaintiff filed the motion to abstain and remand that is presently before the court.

## II. ANALYSIS[2]

Removal of cases initially filed in state court is governed by 28 U.S.C. § 1441. That law permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. United States courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Moreover, district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to a case under title 11." 28 U.S.C. § 1334.

A defendant who desires to remove a civil action from a state court to a federal district court must file a notice of removal within thirty days after the

---

[2]The following analysis is nearly identical to that of another ruling issued this by this court on the same date for Fruge v. Classic Communications, Inc. [02cv2422]. Both cases stem from the same cause of action and involve similar issues.

receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C. § 1446(b). Title 28 U.S.C. § 1446(b) goes on to state that if the initial pleading is not removable, but subsequently becomes removable, the defendant has 30 days after receipt of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. Furthermore, 28 U.S.C. § 1447(c) provides the following: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The issues, therefore, which this court must address are as follows: (1) whether this court has jurisdiction over this matter; (2) whether removal was proper; (3) whether the doctrine of mandatory discretion is applicable in the instant case; and (4) whether the doctrine of discretionary abstention is applicable in the instant case.

A.   Jurisdiction

To answer the first question, this court must rely on 28 U.S.C. §§ 1452 and 1334. Section 1452(a) provides for removal to a district court of any claim or action based on its relation to a bankruptcy case, if the district court has jurisdiction based on 28 U.S.C. § 1334. 28 U.S.C. § 1452(a). Section 1334 grants district courts original, but not exclusive, jurisdiction over proceedings "arising under" title 11, proceedings "arising in" a cause under title 11, and proceedings "related to" a case under title 11. 28 U.S.C. § 1334(b). Accordingly, for the purpose of

determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between these different categories; instead, these references operate in a disjunctive fashion to define the scope of jurisdiction. Thus, federal jurisdiction exists under § 1334(b) if the proceeding filed in state court "relates to" a case under title 11. Lee v. Miller, 263 B.R. 757, 761 (S.D. Miss. 2001) (citing Community Bank of Homestead v. Boone, 52 F.3d 958, 960 (11th Cir. 1995)).

While Congress has failed to define the term "related to" in the Code, the courts have articulated the following definition: "whether the outcome of that proceeding could *conceivably* have an effect on the estate being administered in bankruptcy." Matter of Wood, 825 F.2d 90, 93 (5th Cir. 1987) (citation omitted). Applying this test to the case at hand, this court finds that the petition is sufficiently related to the pending bankruptcy, thereby allowing this court to exercise jurisdiction pursuant to Section 1334. In the petition, plaintiff seeks damages resulting from the 20 August 2002 automobile accident. Plaintiff seeks to recover from Classic and from American Home, who issued a policy of insurance in favor of Classic. Policies of liability insurance are elements of a bankruptcy debtor's bankruptcy estate. See In re Edgeworth, 993 F.2d 51, 55 (5th Cir. 1993) (holding that "[i]nsurance policies are property of the estate because, regardless of who the insured is, the debtor retains certain contract rights under the policy itself.") Continuing, the Fifth Circuit stated the following: "[a]ny rights

the debtor has against the insurer, whether contractual or otherwise, become property of the estate." Id. Similarly, where the plaintiffs' lawsuit implicated potential monetary claims on the defendant's liability policy in favor of crash claimants, the lawsuit constituted a "cognizable threat that unless the claims against the policy were marshaled in accord with the bankruptcy proceeding, the policy proceeds would not cover plaintiffs' claims and could expose the debtor's estate." Coar v. Nat'l Union Fire Ins. Co., 19 F.3d 247, 249 (5th Cir.1994) (finding that a tort action under Louisiana's direct action statute "related to" the debtors estate and, therefore, to its pending bankruptcy proceeding). As such, it is the opinion of this court that it has jurisdiction based upon section 1334.

B.    Proper Removal

Plaintiff next contends that removal under 28 U.S.C. § 1452 is improper as defendants have failed to comply with the procedural requirements set forth in 28 U.S.C. § 1446(b). Plaintiff states that "1446(b) requires that all defendants communicate their consent to the court within the requisite thirty (30) day period." Doc. No. 9. Plaintiff, citing Getty Oil, Corp. v. Ins. Co. of North America, 841 F.2d. 1254 (5th Cir.1988), argues that remand is necessary since Parsley did not directly file with the court written consent of the removal within the thirty day period.

Defendants argue that Parsley communicated to Classic consent to the removal. This consent was then "communicated to the [c]ourt in writing by

Classic's counsel in the removal." Doc. No. 16. In addition, "[a]t the time of removal, and separate from the removal, a notarized certificate by Lottie L. Bash, attorney of record for Friendship Cable of Texas, Inc., d/b/a/ Classic Communications and American Home, was filed indicating that Parsley consented and agreed to the removal." Id. Finally, defendants note that Parsley's attorney filed a separate consent to removal on 23 December 2003 "in an abundance of caution." Id. Defendants argue that Getty does not require written consent directly from all parties, as parties may express consent to the court through those with authority to do so.

In Getty, the Fifth Circuit noted that in cases involving multiple defendants, all defendants must join in the removal within thirty days after the first defendant is properly served. 841 F.2d at 1263. The court, however, stated that "[t]his does not mean that each defendant must sign the original petition for removal, but there must be timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so." Id. at 1261 n.11. Here, attorney for Classic filed along with the notice of removal a sworn statement stating that "Douglas L. Presley [sic] has consented and agreed to the removal." Doc. No. 4. We read that document to indicate Parsley's consent to the removal and that, for this issue, Classic's attorney acted on his behalf and had authority to do so. We

8

therefore find that defendants' notice of removal was properly filed and proceed with our analysis.

C.  Mandatory Abstention

Plaintiff relies on the doctrine of mandatory abstention as a basis for remanding this case. Mandatory abstention is applicable when:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11, but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. 28 U.S.C. § 1334(c)(2).

Mandatory abstention, therefore, is called for in cases involving state-law claims for which the sole basis of bankruptcy jurisdiction is "related to" jurisdiction, even for cases that have been removed to federal court. In re Southmark Corp., 163 F.3d 925, 929 (5th Cir.1999). As stated previously, the instant action is merely related to a case under title 11 and does not arise under title 11 and is thus "non-core." In re Gober, 100 F.3d 1195, 1206 (5th Cir. 1996). Additionally, mandatory abstention applies to non-core proceedings only. Id.

Federal courts have summarized the following conditions, which must be met in order to trigger mandatory abstention:

1. A motion has been timely filed requesting abstention;
2. The cause of action is essentially one that is premised on state law;
3. The proceeding is non-core or related to the bankruptcy case;

9

      4.    The proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case; and

      5.    The proceeding has already been commenced and can be timely adjudicated in a state court forum.

Matter of Rupp & Bowman Co., 109 F.3d 237, 239 (5th Cir. 1997) (citing In re Gober, 100 F.3d at 1206); Thomas v. R.J. Reynolds Tobacco Co., 259 B.R. 571, 576 (S.D. Miss. 2001); In re McCray, 209 B.R. 410, 414 (N.D. Miss. 1997). Here, all of the above listed, conjunctive, requirements are met.

Even assuming that the elements of mandatory abstention have been met, a district court could abstain and remand on the basis of the doctrine of discretionary abstention.

D.    Discretionary Abstention

Alternatively, under 28 U.S.C. § 1334(c)(1), this court has "broad discretion to abstain from hearing state law claims whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'" In re Gober, 100 F.3d at 1206 (citing In re Wood, 825 F.2d 90, 93 (5th Cir. 1987)) (noting that § 1334(c)(1) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case"). "A court . . . may abstain at its discretion from deciding either core or non-core proceedings under § 1334(c)(1) if the interests of justice, comity, or respect for state law so require." In re Gober, 100 F.3d at 1206. Therefore, where "related to" jurisdiction is present, but the grounds for

10

mandatory abstention under § 1334(c)(2) are not, this court could exercise discretionary abstention under § 1334(c)(1), and the case would be remanded to state court. Rand v. Empire Funding Corp., 132 F.Supp.2d 497, 502 (S.D. Miss. 2000).

This court finds that the state court is well equipped to resolve the issues presented in the instant case. This case involves interpretations of state law, which are not affected by any bankruptcy issues. Furthermore, this court can discern no basis to exercise jurisdiction over this matter other than 28 U.S.C. § 1334. Also, the issues in this case are non-core issues, and no core-related claims are presented in the complaint. Thus, exercising discretionary abstention will not interfere with the efficient administration of the bankruptcy estate.

As such, while this court has jurisdiction and the defendants properly and timely removed this case, it is this court's opinion that comity considerations weigh in favor of remand, and thus this court shall abstain from entertaining this matter.

E.   Costs and Attorney Fees

Plaintiff also asks for "all costs and reasonable attorney fees for the improvident removal." Doc. No. 9. Plaintiff provides no compelling reasons to support the request. After a review of the record, we find that such request is without merit. Accordingly, plaintiff's motion for costs and attorney fees is DENIED.

11

## III. CONCLUSION

For the foregoing reasons, plaintiff's Motion to Abstain and Remand is GRANTED. Plaintiff's motion for costs and attorney fees is DENIED. An appropriate judgment will issue.

Alexandria, Louisiana

6 May 2003

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE

COPY SENT:
DATE: 5/7/03
BY: 
TO: Downing
Brown
Lemoine
Juneau